**FILED**
**FEBRUARY 15, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTIN HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | **08 C 960** |
| RAYMOND JAMES FINANCIAL SERVICES, | ) | Judge _____ |
| INC., a Florida corporation, and RAYMOND, | ) | |
| JAMES & ASSOCIATES, INC., a Florida | ) | Jury Demanded  **JUDGE LEINENWEBER** |
| corporation, | ) | **MAGISTRATE JUDGE VALDEZ** |
| Defendants. | ) | |

COMPLAINT AT LAW
AND JURY DEMAND

**NOW COMES** the Plaintiff, KRISTIN HUBBARD, by and through her attorneys, Mickey, Wilson, Weiler, Renzi & Andersson, P.C., and for her Complaint against the Defendants, RAYMOND JAMES FINANCIAL SERVICES, INC., a Florida corporation, and RAYMOND, JAMES & ASSOCIATES, INC., a Florida corporation, states as follows:

STATEMENT OF CLAIM

This is an action brought by KRISTIN HUBBARD, Plaintiff, by and through her attorneys, Mickey, Wilson, Weiler, Renzi & Andersson, P.C., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), seeking relief for unlawful employment practices by Defendant based on sexual harassment and retaliation.

Plaintiff, KRISTIN HUBBARD ("Plaintiff"), was subject to unlawful employment practices on the basis of her sex while employed at facilities operated by RAYMOND JAMES FINANCIAL SERVICES, INC., a Florida corporation, and RAYMOND, JAMES &

1

ASSOCIATES, INC., a Florida corporation (hereinafter collectively "Raymond James" or "Defendant"). The unlawful employment practices constituted sexual harassment that was so pervasive as to constitute a hostile work environment and were presented to her as a *quid pro quo* for the conditions of her employment. Plaintiff was subjected to unwelcome sexual advances and verbal and physical conduct of a sexual nature, perpetrated by the highest ranking, supervisory employee at the location at which she worked. The individual perpetuating the harassment had hiring and firing authority at the location at which Plaintiff worked (Plaintiff was employed at the Oregon, Illinois, office of Raymond James).

When Plaintiff's repeated complaints to her supervisor produced no change in the harassment she was forced to endure, Plaintiff associated herself with her counsel, Mickey, Wilson, Weiler, Renzi & Andersson, P.C. With her counsel, Plaintiff submitted a complaint to the corporate headquarters of Raymond James, in Florida. Raymond James indicated that it had a sexual harassment policy in place, and would investigate Plaintiff's complaints. Following the conduct of its investigation, Raymond James determined that the Plaintiff's complaints were accurate and valid, that the conduct of Raymond James' manager were unlawful and/or a violation of Raymond James' policies. Raymond James thereafter informed the Plaintiff that, as a result of her complaint regarding the sexual harassment, it was closing the office at which she was employed, and terminating her employment. Raymond James' response to Plaintiff's complaint was to fire both the harasser and the Plaintiff. Plaintiff was advised by Raymond James first that she could seek alternate employment within the company, and later that no alternate employment was available.

Notwithstanding her exemplary job performance and notwithstanding an extremely positive employment review completed immediately before she reported the harassment,

2

Raymond James fired Plaintiff as the direct and causal result of her complaint of unlawful sexual harassment. Plaintiff was licensed and qualified to run the office on her own, without need for the harasser, but Raymond James disregarded her qualifications and terminated her.

Finally, the conduct of Raymond James in hiring and maintaining the employ of the harassing individual, including its continuation of his employment after Raymond James knew or should have known about his egregious conduct, constituted negligent hiring, supervision and retention under Illinois law.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court for the Title VII sexual discrimination (harassment) and retaliation claims is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3). The Title VII action is authorized and instituted pursuant to 42 U.S.C. §2000e-5(f)(1)(A). The jurisdiction of this Court for the negligent supervision and retention claim is based upon this Court's supplemental jurisdiction under 28 U.S.C. 1367.

2. The employment practices alleged to be unlawful herein were being committed within the State of Illinois, and specifically within the Northern District of Illinois, Eastern Division. Venue is proper under 28 U.S.C. §1391(b)(1) and (2).

## PARTIES

3. Plaintiff, KRISTIN HUBBARD, is a female residing at 221½ W. Washington Street, Oregon, Illinois. Defendants, RAYMOND JAMES FINANCIAL SERVICES, INC., and RAYMOND, JAMES & ASSOCIATES, INC., are Florida corporations with an office, at which the Plaintiff was employed, located at 300 W. Washington Street, Suite 201, Oregon, Illinois, and are employers within the meaning of 42 U.S.C. §2000e(b). Raymond James employs substantially in excess of 15 employees.

3

4.       Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 4, 2007. [See attached Exhibit "A."] The EEOC issued a Notice of Right to Sue on January 10, 2008, which was received by Plaintiff on January 15, 2008, entitling Plaintiff to institute a civil action within 90 days of its receipt. [See attached Exhibit "B."]

## FACTS COMMON TO ALL COUNTS

5.       All conditions precedent to the institution of this lawsuit have been fulfilled.

6.       Plaintiff was employed by Raymond James beginning in 2003 as a broker at Raymond James' location in Oregon, Illinois.

7.       Plaintiff capably performed her assigned duties during her employment and received positive performance reviews as recently as immediately prior to her reporting having been harassed.

8.       Plaintiff, from January 2007 through August 10, 2007, was continuously subjected to sexually explicit and inappropriate comments and physical advances from her supervisor, a branch manager and producer employed by Raymond James ("Supervisor"). These comments were coupled with sexually motivated touching, all of which occurred at times and places selected by the Supervisor using his authority over Plaintiff to create business circumstances that would give him the opportunity to make advances toward Plaintiff.

9.       The acts of sexual harassment perpetrated by the Supervisor against Plaintiff all occurred in the course of his and Plaintiff's employment at times and places when and where the Supervisor had direct supervisory authority over Plaintiff. These acts include, but are not limited to, the following:

4

(a) Consuming alcohol in violation of company policy, within the office, and forcing Plaintiff to do the same by informing her that consuming alcohol with him was a condition of her employment;

(b) Advising Plaintiff that he fantasized about having a sexual relationship with her and wanted to marry her;

(c) Asking Plaintiff how many orgasms she would have during sexual activity and telling her that he wanted to find out firsthand;

(d) Making sexual advances towards Plaintiff;

(e) Making lewd and lascivious gestures and statements towards Plaintiff;

(f) Telling Plaintiff that he wanted her to drink tequila so that it would make her "horny";

(g) On a business trip to Boston, forcing Plaintiff to share a single hotel room with him, with a single bed, and repeatedly attempting to cajole her into having sexual relations with him while trying to grope and fondle her;

(h) Repeatedly demanding that Plaintiff take a pleasure trip with him to Aruba;

(i) Attempting to grope Plaintiff's breasts and rub his pelvis against her buttocks;

(j) Sending repeated, sexually explicit jokes, comments, and remarks to Plaintiff via e-mail and cellular telephone text message;

(k) Telling Plaintiff that "If you want me to bend you over the desk, just say so";

(l) Repeatedly asking Plaintiff for a description of her undergarments;

(m) Making repeated, graphic descriptions of his sexual exploits and prowess; and

(n) Telling Plaintiff that if she or his wife opposed him, they were "screwed" as he knows all of the judges and lawyers around.

10. Plaintiff constantly objected to the conduct of the Supervisor and made it clear to him that she wanted him to stop sexually harassing her; nevertheless, the sexually abusive conduct continued. The Supervisor refused to take any corrective action and personally

5

continued to sexually harass Plaintiff. The Supervisor was the sole manager at the location at which Plaintiff was employed, and had the authority to hire and fire employees, including the Plaintiff. Plaintiff did not have regular contact with any other employees of Raymond James other than those employed at her office branch, who were all subordinate to the Supervisor.

11. Plaintiff then consulted with an attorney and, with the assistance of her attorney, brought her concerns regarding the Supervisor's conduct to the attention of the corporate offices of Raymond James in Florida. The corporate offices indicated that they would conduct an immediate investigation of her complaints, and would respond to her shortly. During their investigation, they advised Plaintiff to not attend work and temporarily suspended her with pay.

12. Raymond James' corporate offices conducted an investigation of Plaintiff's complaints and, on information and belief, determined her complaints to be meritorious and further determined that the conduct of the Supervisor was a violation of Raymond James' policy and was also unlawful. As a result, Raymond James informed Plaintiff that it was terminating Supervisor and Plaintiff, and closing the Oregon, Illinois, office.

13. The sexual harassment of Plaintiff created a hostile and intimidating work environment for Plaintiff, which substantially interfered with the performance of her job.

14. The Supervisor continued to harass Plaintiff personally, and with more pervasive forms of harassment, even after Plaintiff objected to and opposed his conduct. Further, upon Plaintiff's complaint to Raymond James' corporate offices about unlawful employment practices, Raymond James terminated the Plaintiff.

15. Plaintiff's Supervisor intensified these adverse employment actions against Plaintiff any time Plaintiff objected to or openly opposed his sexual harassment of Plaintiff, all of which constitutes unlawful retaliation for making complaints about sexual harassment.

16.　The Supervisor also expressly stated to Plaintiff, on several occasions, that enduring his comments, attempts to touch her, and repeated, irrepressible sexual innuendo was a condition of her continuing employment and was a *quid pro quo*.

17.　The Supervisor's conduct constitutes conduct of Raymond James, as he was Raymond James' *alter ego* at the Oregon, Illinois, branch, having the authority described above and being permitted to harass Raymond James' employees with impunity. His continual refusal to address the harassment was coupled with Raymond James' corporate headquarters' *de facto* termination of Plaintiff. As a result of Plaintiff's complaint and Raymond James' investigation thereof, Raymond James determined not only to terminate the Supervisor but also to close the Oregon, Illinois, office. Raymond James advised Plaintiff that she could seek employment at other branches within the company, and then advised her that no other job opportunities were available for her. At the moment Plaintiff reported the unlawful employment practices to the corporate offices of Raymond James, they suspended her and she was never permitted to return to work; she was terminated as the direct result of complaining of the harassment she was forced to endure.

18.　Based upon the foregoing, Raymond James has intentionally and recklessly engaged in unlawful employment practices which have deprived Plaintiff of her equal employment opportunities and equal terms and conditions of employment, and which otherwise adversely affect her status as an employee because of her sex.

19.　During the time of Plaintiff's employment by Raymond James, Plaintiff made Raymond James aware of the Supervisor's conduct and Raymond James had actual knowledge of the Supervisor's conduct.

7

20. During the time of Plaintiff's employment by Raymond James, the Supervisor was a supervisory employee of Raymond James with complete authority to hire and fire employees of Raymond James, including Plaintiff, and was an *alter ego* of Raymond James and, therefore, Raymond James had imputed knowledge of the Supervisor's conduct.

## COUNT I—TITLE VII: SEXUAL HARASSMENT

21-40. For Paragraphs 21-40, inclusive, of Count I of her Complaint, Plaintiff realleges and restates Paragraphs 1-20 above as though fully set forth herein.

41. Plaintiff is a female.

42. Plaintiff was continuously, over the entire period of her employment, subjected to repeated and unwelcome comments, propositions, and physical advances from her superior, a high ranking officer of Raymond James, having supervisory authority over Plaintiff.

43. Plaintiff's Supervisor harassed Plaintiff because she was a member of the female gender and did not engage in similar behavior toward men.

44. The Supervisor's behavior directly interfered with Plaintiff's performance of her duties.

45. During each harassing episode, the Supervisor was acting within the scope of his employment. Furthermore, it was the Supervisor's management position with Raymond James that allowed him to engage in the harassment which caused Plaintiff to become fearful for her well-being and caused her to suffer adverse job consequences, including her termination. The Supervisor's superior position with Raymond James, and the adverse job action which Raymond James took against Plaintiff when she objected to and resisted his sexual harassment of her, made any grievance procedure established by Raymond James meaningless as it applied to Plaintiff. Additionally, as a supervisor at Plaintiff's place of employment with advisory authority to hire

and fire employees of Raymond James, the Supervisor committing the harassment of Plaintiff is the *alter ego* of the company and his actions are directly imputed to Raymond James. When Plaintiff did complain to other supervisors, she was suspended and then terminated from her employment.

46. As a result of the behavior of her male supervisor, Plaintiff was caused to endure significant physical and emotional distress, personal humiliation, anxiety and shame that became a fundamental condition of her employment, which no male employee was required to accept.

47. The behavior of the Supervisor was so pervasive as to constitute a hostile work environment and was engaged in by this supervisor to establish Plaintiff's acquiescence to his sexually related behavior as a *quid pro quo* for the conditions of her employment. In fact, Plaintiff's complaints and demands that the harassment cease directly resulted in her termination from the company.

48. All of the foregoing constituted employment discrimination by the Defendant against Plaintiff based on her gender, in violation of 42 U.S.C. §2000e-2(a)(1).

49. As a result of the foregoing, Plaintiff has suffered great physical and emotional pain and was disabled and discharged from her employment, all to the damage of the Plaintiff.

50. The behavior of Plaintiff's supervisor is imputed to Raymond James and was allowed to adversely affect Plaintiff. Unchecked, the behavior of this supervisor was so open and notorious as to create the impression that such behavior was acceptable. Further, Raymond James ratified this behavior when it had the audacity to terminate Plaintiff for daring to report the unlawful conduct. Because of the willful, wanton and reckless manner in which the Supervisor's behavior was permitted to continue, punitive damages are necessary to correct the foregoing impression and to dissuade others from similar behavior.

**WHEREFORE,** the Plaintiff, KRISTIN HUBBARD, respectfully prays for judgment for the Plaintiff and against the Defendants, RAYMOND JAMES FINANCIAL SERVICES, INC., a Florida corporation, and RAYMOND, JAMES & ASSOCIATES, INC., a Florida corporation, in the amount of $500,000.00, plus costs and attorneys' fees pursuant to 42 U.S.C. §2000e-5(k).

## COUNT II—RETALIATION

51-70.  For Paragraphs 51-70, inclusive, of Count II of her Complaint, Plaintiff realleges and restates Paragraphs 1-20 above as though fully set forth herein.

71.  Plaintiff repeatedly objected to and openly opposed her Supervisor's advances and sexually related harassment.

72.  When Plaintiff objected to this behavior, she was subjected to adverse job actions in the form of worsening treatment at work from the Supervisor, a suspension, and termination from her position.

73.  The male Supervisor's behavior constitutes actions by the *alter ego* of Raymond James; thus, Raymond James acquiesced in and constructively committed Plaintiff's harassment and retaliation.  Raymond James further retaliated when it suspended Plaintiff for reporting the harassment, and terminated her from her employment with Raymond James.

74.  All of the foregoing constituted a retaliation by the Defendant against Plaintiff for opposing the unlawful practices of her Supervisor, in violation of 42 U.S.C. §2000e-3(a).

75.  As a result of the foregoing behavior, Plaintiff has suffered great physical and emotional pain and was disabled and discharged from her employment, all to the damage of the Plaintiff.

76.  On information and belief, Defendant's business model involves frequent utilization of small, local offices staffed with Raymond James employees, similar to the Oregon,

10

Illinois, office in which Plaintiff was employed. Raymond James' conduct in this case makes it clear to all other similarly situated employees that if they complain of sexual harassment in the workplace, Raymond James will respond by closing their local office and terminating their employment. This retaliatory response to a valid complaint regarding an unlawful employment practice is all the more outrageous because of the impact that it has upon such other employees, to stifle their ability to lodge a valid complaint regarding sexual harassment. Raymond James' conduct in this case makes it clear that an employee must choose between keeping her job and reporting an unlawful employment practice.

77. Plaintiff possessed sufficient experience and was licensed so as to be qualified to run the Oregon, Illinois, office without need for the harasser. Further, Raymond James owned the "book of business" utilized at that office, and could have assigned the responsibility for the office to Plaintiff, without need to close the office. Nonetheless, Raymond James determined to fire the Plaintiff, and the sole reason for such termination was in response to her valid complaint of sexual harassment.

78. Defendant's retaliatory behavior is reprehensible and should be the subject of punitive damages to dissuade others from similar attempts at frustrating the public policy of eliminating sexual harassment from the workplace.

**WHEREFORE,** the Plaintiff, KRISTIN HUBBARD, respectfully prays for judgment for the Plaintiff and against the Defendants, RAYMOND JAMES FINANCIAL SERVICES, INC., a

Florida corporation, and RAYMOND, JAMES & ASSOCIATES, INC., a Florida corporation, in the amount of $1,000,000.00, plus costs and attorneys' fees pursuant to 42 U.S.C. §2000e-5(k).

                                                KRISTIN HUBBARD, Plaintiff

                                  By:   /s/ Dean M. Frieders
                                           Dean M. Frieders, One of her attorneys

## **JURY DEMAND**

Plaintiff, KRISTIN HUBBARD, by her attorneys, hereby demands a trial by jury on all counts of the above captioned cause.

                                                KRISTIN HUBBARD, Plaintiff

                                  By:   /s/ Dean M. Frieders
                                           Dean M. Frieders, One of her attorneys

Mr. Bernard K. Weiler/3128608 (bkw@mickeywilson.com)
Mr. Gary K. Mickey/1905007 (gkm@mickeywilson.com)
Mr. Dean M. Frieders/6282902 (dmf@mickeywilson.com)
MICKEY, WILSON, WEILER, RENZI & ANDERSSON, P.C.
2111 Plum Street, Suite 201
P.O. Box 787
Aurora, Illinois 60507-0787
Tel: 630/801-9699
Fax: 630/801-9715