UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KRISTIN HUBBARD,

   Plaintiff,

vs.

RAYMOND JAMES FINANCIAL SERVICES, INC., a Florida corporation, and RAYMOND, JAMES & ASSOCIATES, INC., a Florida corporation,

   Defendants.
_____/

Case No. 08 C 960

Hon. Harry D. Leinenweber

Magistrate Judge Maria Valdez

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND COMPEL ARBITRATION

Defendants RAYMOND JAMES FINANCIAL SERVICES, INC. ("RJFS") and RAYMOND JAMES & ASSOCIATES, INC. ("RJA", and collectively with RJFS, "Defendants"), hereby respectfully move this Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to enter an order: (1) compelling Plaintiff KRISTIN HUBBARD ("Hubbard" or "Plaintiff") to arbitrate the claims alleged in her Complaint before the Financial Industry Regulatory Authority ("FINRA") (previously known as the National Association of Securities Dealers, Inc., or the "NASD"); and (2) dismissing this action. In support of their Motion, Defendants state as follows:

  1. Hubbard, a former employee of RJA, filed her Complaint against Defendants in this Court on or about February 15, 2008.

  2. RJA and RJFS are both securities brokerage firms.

1-MI/617214.2

3.      As reflected more fully in the Complaint, Plaintiff has raised claims against Defendants which relate to her employment at RJA. Specifically, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

4.      As reflected in the Arbitration Agreement linked to the Raymond James Financial Business Ethics and Corporate Policy, Plaintiff agreed to arbitrate any disputes with RJA and RJFS.[1] *See* Exhibit A to Declaration of Heather Mueller ("Mueller Decl.") (attached hereto as Exhibit 1). The Arbitration Agreement provides:

> In consideration of the Associate's employment with the Company [defined in the Raymond James Financial Business Ethics and Corporate Policy to include Raymond James Financial, Inc. and all of its subsidiaries, including RJA and RJFS,], the Parties agree that any controversy or claim arising out of or relating to the application for employment, employment relationship or termination of employment with the Company must be submitted to arbitration including but not limited to: the application or interpretation of the Company's handbook and/or policies; all claims of employment discrimination, harassment or failure to accommodate on the basis of race, sex, age, religion, color, national origin, pregnancy, disability, height, weight, marital status, familial status and/or veteran status including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, Pregnancy Discrimination Act, Americans with Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Elliott-Larsen Civil Rights Act, Persons with Disabilities Civil Rights Act, Older Worker Benefit Protection Act, or other federal, state or local laws .....
>
> Arbitration shall be the sole and exclusive means of resolving any of the claims or controversies referenced in the preceding paragraph, and shall be administered pursuant to the rules of the National Association of Securities Dealers (NASD) in effect at the time when a demanded for arbitration is made ....

---

[1] In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court "may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue ..." *Alicia-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003); *see also Safranek v. Copart, Inc.*, 379 F. Supp. 2d 927, 928 (N.D. Ill. 2005) ("Because a motion to compel arbitration is essentially a claim that the court lacks subject matter jurisdiction, it is proper for the court to consider matters beyond the allegations in the complaint. A litigant may use affidavits and other material to support a motion to dismiss for lack of subject matter jurisdiction." (internal citations omitted)).

*See* Mueller Decl., Ex. 1 at Exs. A & C (containing Plaintiff's Arbitration Agreement and the linked Raymond James Financial Business Ethics and Corporate Policy).

5.  In addition to electronically signing the Arbitration Agreement itself, during employment with RJA, Plaintiff signed a yearly acknowledgement form verifying receipt of and agreeing to abide by the Raymond James Financial Business Ethics and Corporate Policy to which the above-referenced Arbitration Agreement was attached. *See* Mueller Decl., Ex. 1 at Ex. B (containing Plaintiff's most recent acknowledgement form dated November 10, 2006).

6.  In addition, because Plaintiff also was a registered broker with RJA, she signed a Uniform Application for Securities Industry Registration or Transfer (Form U-4). *See* Exhibit A to Declaration of Diane Anderson ("Anderson Decl.") (attached hereto as Exhibit 2). In her Form U-4, Plaintiff agreed as follows:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the *SROs* indicated in Section 4 (SRO Registration) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

Anderson Decl., Ex. 2 at Ex. A.

7.  Thus, there is no dispute that the parties agreed to arbitrate all claims and controversies arising out of Plaintiff's employment, such as the claims asserted in Plaintiff's Complaint.

8.  Under the Federal Arbitration Act, Plaintiff's agreements to arbitrate all claims alleged in the Complaint are binding and enforceable by this Court. 9 U.S.C. § 2. Because valid agreements exist requiring Plaintiff to arbitrate this controversy, Defendants are entitled to an Order compelling Plaintiff to submit her claims to arbitration in accordance with that agreement. 9 U.S.C. § 4.

1-MI/617214.2

9.     Moreover, because all of Plaintiff's claims are subject to mandatory arbitration, the Court should dismiss this case. *See Medina v. Hispanic Broad. Corp.*, No. 01 C 2278, 2002 WL 389628, at *4 (N.D. Ill. Mar. 12, 2002); *Bauer v. Morton's of Chicago*, No. 99 C 5596, 2000 WL 149287, at *2-4 (N.D. Ill. Feb. 9, 2000).

WHEREFORE, for the forgoing reasons, and as further discussed in Defendants' Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint and Compel Arbitration, Defendants respectfully request that Court compel this matter to arbitration and dismiss this action with prejudice.

Dated this 18th day of April, 2008.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
Counsel for Defendants

s/ Theodore M. Becker
Theodore M. Becker, Esq.
tbecker@morganlewis.com
Morgan Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601
Telephone: 312.324.1190
Facsimile: 877.432.9652

1-MI/617214.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to Counsel for Plaintiffs, Bernard K. Weiler, Esq., Dean M. Frieders, Esq., and Gary Knight Mickey, Esq., at MICKEY, WILSON, WEILER, RENZI & ANDERSSON, P.C., 2111 Plum Street, Suite 201, P.O. Box 787, Aurora, Illinois 60507-0787, Tel: (630) 801-9699, Fax: (630) 801-9715, on this 18th day of April, 2008.

                                        s/    Theodore M. Becker, Esq.
                                                 Theodore M. Becker, Esq.