**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KRISTIN HUBBARD,

               Plaintiff,                           Case No. 08 C 960

vs.

RAYMOND JAMES FINANCIAL SERVICES,
INC., a Florida corporation, and RAYMOND,       Hon. Harry D. Leinenweber
JAMES &-ASSOCIATES, INC., a Florida
corporation,                                   Magistrate Judge Maria Valdez

               Defendants.

_____/

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND COMPEL ARBITRATION

Defendants RAYMOND JAMES FINANCIAL SERVICES, INC. ("RJFS") and

RAYMOND JAMES & ASSOCIATES, INC. ("RJA", and collectively with RJFS,

"Defendants"), submit this Memorandum in Support of their Motion to Dismiss Plaintiff's

Complaint and Compel Arbitration ("Motion"). For the reasons set forth in the Motion, and more

fully explained below, the Court should grant Defendants' Motion, order Plaintiff KRISTIN

HUBBARD ("Hubbard" or "Plaintiff") to arbitrate her claims before the Financial Industry

Regulatory Authority ("FINRA") (previously known as the National Association of Securities

Dealers, Inc., or the "NASD"), in accordance with the parties' binding arbitration agreements,

and dismiss this case with prejudice.

## FACTUAL BACKGROUND

1.      Plaintiff was employed with RJA from approximately February 7, 2003 to

approximately August 31, 2007. In conjunction with Plaintiff's employment with RJA, Plaintiff

executed an Arbitration Agreement, linked to the Raymond James Financial Business Ethics and

Corporate Policy, which Plaintiff was required to review and accept every year of her employment. *See* Exhibits A-C to Declaration of Heather Mueller ("Mueller Decl.") (attached to Defendants' Motion as Exhibit 1).

2.      Pursuant to the Arbitration Agreement, Plaintiff agreed to arbitrate "any controversy or claim arising out of or relating to the application for employment, employment relationship or termination of employment with the Company," specifically including "claims under Title VII of the Civil Rights Act of 1964," before the National Association of Securities Dealers (NASD), in accordance with the NASD rules then in effect. *See* Mueller Decl., Ex. 1 to Defs.' Mot. at Ex. A.

3.      In addition to the arbitration agreement linked to the RJF Business Ethics and Corporate Policy, Plaintiff also agreed to arbitrate all employment-related claims against Defendants pursuant to her Uniform Application for Securities Industry Registration or Transfer (Form U-4). *See* Exhibit A to Declaration of Diane Anderson ("Anderson Decl.") (attached to Defendants' Motion as Exhibit 2).

4.      On or about February 15, 2008, Plaintiff filed the instant Complaint alleging that Defendants had discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII").

5.      Because Plaintiff agreed to arbitrate "any controversy" arising out of her employment relationship, including specifically any claim under Title VII, the claims at issue here are subject to arbitration.  However, contrary to Plaintiff's multiple, unambiguous agreements to arbitrate, she has refused to submit her claim to arbitration, instead filing this action.

2

6.    Defendants now seek an order pursuant to Fed. R. Civ. P. 12(b)(1) and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4, dismissing this case and compelling Plaintiff to arbitrate her claims against Defendants pursuant to her agreements to arbitrate.

## ARGUMENT AND ANALYSIS

1.    Employment-Related Arbitration Agreements Are Enforceable Under Federal Law.

Pursuant to Section 2 of the FAA, written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *Koveleskie v. SBC Capital Mkts.*, 167 F.3d 361, 367 (7th Cir. 1999). The FAA was designed to "reverse the longstanding judicial hostility to arbitration agreements … and to place [them] on the same footing as other contracts." *James v. McDonald's Corp.*, 417 F.3d 672, 676 (7th Cir. 2005) *citing Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). In light of the FAA's purpose, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985), and ambiguities as to the scope of an arbitration agreement are to be resolved in favor of arbitration. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995).

Plaintiff's Title VII claims against Defendants are not exempted from the federal policy favoring arbitration. The United States Supreme Court's decision in *Gilmer v. Interstate/Johnson Lane Corporation* long ago dispelled any notion that statutory discrimination claims are beyond the bounds of arbitration. 500 U.S. 20, 26 (1991); *see also Circuit City Stores, Inc. v. Adams*, 121 S. Ct. 1302, 1305 (2001) ("There are real benefits to arbitration in the employment context, including avoidance of litigation costs. Adoption of respondent's position would call into doubt the efficacy of many employers' alternative dispute resolution procedures,

in the process undermining the FAA's pro-arbitration purposes and breeding litigation from a statute that seeks to avoid it.")  Similarly, the Seventh Circuit has made clear that employment-related claims such as those brought by Plaintiff are arbitrable.  *See Oblix, Inc. v. Winiecki*, 374 F.3d 488, 490 (7th Cir. 2004).

<ol start="2" style="list-style-type: decimal">
<li><u>Plaintiff Agreed to Arbitrate All Employment-Related Claims and, thus, the Claims in Her Complaint Are Subject to Binding Arbitration.</u></li>
</ol>

Plaintiff's agreements to arbitrate all claims arising out of her employment are valid and enforceable contracts.  An agreement to arbitrate, including one entered into between an employee and employer, is treated like any other contract: "In determining whether a valid agreement arose between the parties, a federal court should look to the state law that ordinarily governs the formation of contracts." *Michalski v. Circuit City Stores,* 177 F.3d 634, 636 (7th Cir. 1999) (quotations omitted); *see also Koveleskie*, 167 F.3d at 366-67.  "In Illinois, an offer, an acceptance and consideration are the basic ingredients of a contract." *Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d 99, 109 (Ill. 2006).

Here, Defendants' distribution of the Arbitration Agreement to all associates for annual certification constituted an offer, and Plaintiff's various acknowledgments and continued employment with RJF constituted acceptance. *Id.*  The agreements also contain valid consideration under Illinois law, as Plaintiff's employment with RJA constituted consideration for her agreement to arbitrate her claims. *Id.*  In addition, courts applying Illinois law to arbitration agreements have generally enforced these agreements where, as here, the parties have mutually agreed to arbitrate the disputes between them. *See, e.g., Aste v. Metropolitan Life Ins. Co.*, 728 N.E.2d 629, 632 (Ill. App. 1 Dist. 2000) ("Under both Illinois and federal law, a mutual promise to arbitrate is sufficient consideration to support an arbitration agreement.")

In short, Plaintiff signed the RJF Business Ethics and Corporate Policy, her Form U-4, and a separate Arbitration Agreement. *See* Exhibits A-C to Defendants' Motion. The arbitration provisions in these agreements all clearly and expressly require her to arbitrate any controversy between herself and Defendants arising out of the employment relationship, including the claims raised in Plaintiff's Complaint. Plaintiff's various arbitration agreements are legally binding and enforceable. Thus, Plaintiff should be compelled to arbitrate all her claims against Defendants. Further, dismissal of Plaintiff's Complaint is proper because all of the claims within it are subject to arbitration. *See Medina v. Hispanic Broad. Corp.*, No. 01 C 2278, 2002 WL 389628, at *4 (N.D. Ill. Mar. 12, 2002); *Bauer v. Morton's of Chicago*, No. 99 C 5596, 2000 WL 149287, at *2-4 (N.D. Ill. Feb. 9, 2000).

## **CONCLUSION**

Plaintiff's arbitration agreements are valid, enforceable, and clearly cover this dispute. For all of the foregoing reasons, Defendants Raymond James Financial Services, Inc. and Raymond James & Associates respectfully request that this Court enter an Order compelling Plaintiff to submit her claims in this action to binding arbitration before FINRA, and dismissing this action with prejudice.

Dated this 18th day of April, 2008.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
Counsel for Defendants

s/ Theodore M. Becker
Theodore M. Becker, Esq.
tbecker@morganlewis.com
Morgan Lewis & Bockius  LLP
77 West Wacker Drive
Chicago, IL 60601
Telephone:  312.324.1190
Facsimile:  877.432.9652

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by

using the CM/ECF system, which will, in turn, send a notice of electronic filing to Counsel for

Plaintiffs, Bernard K. Weiler, Esq., Dean M. Frieders, Esq., and Gary Knight Mickey, Esq., at

MICKEY, WILSON, WEILER, RENZI & ANDERSSON, P.C., 2111 Plum Street, Suite 201,

P.O. Box 787, Aurora, Illinois 60507-0787, Tel: (630) 801-9699, Fax: (630) 801-9715, on this

18th day of April, 2008.

s/       Theodore M. Becker, Esq.
Theodore M. Becker, Esq.

1-MI/617216.2